UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 35 | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. NO. ) ) |
| HROMA CORPORATION | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

1. This is an action to enforce a labor arbitration award pursuant to § 301 of the Labor Management Relations Act (the "Act"), 29 U.S.C. § 185. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337.

2. Plaintiff, Painters and Allied Trades District Council No. 35, is a labor organization within the meaning of 29 U.S.C. § 185 and is the duly authorized collective bargaining representative pursuant to the Act, 29 U.S.C. § 152, et seq., of painters and allied trades employed in the geographic areas of Massachusetts, Vermont in the counties of Windham, Bennington, Rutland and Windsor and Salem, New Hampshire. Plaintiff maintains its principal office in Roslindale, Massachusetts.

3. Defendant, Hroma Corporation is an employer within the meaning of 29 U.S.C. § 152(2) and § 185, does business in this judicial district, and has its principal place of business in Plymouth, Massachusetts.

4. Plaintiff and defendant are parties to a collective bargaining agreement that is a contract within the meaning of 29 U.S.C. § 185(a) and that, among other things, provides for arbitration of disputes arising under the agreement.

5. Plaintiff invoked the grievance and arbitration provision of the applicable collective bargaining agreement and submitted to arbitration a dispute with defendant that had arisen under the collective bargaining agreement.

6. The parties' collective bargaining agreement provides that the Joint Trade Board is authorized to hear and adjudicate "all questions of interpretation of this agreement and all grievances and complaints" and that the Joint Trade Board's decisions are binding as to the parties.

7. Following a hearing on the plaintiff's grievance, of which the defendant was given notice, the Joint Trade Board duly issued an award on November 14, 2003 sustaining plaintiff's grievance against the defendant and awarding plaintiff and its affiliated funds the amount of $244,000.00 and ordered the defendant to provide payment of that amount within ten (10) days of receipt of that letter. (Attached hereto as Exhibit "A")

8. To date and without any lawful justification, defendant has refused to comply with the Joint Trade Board's award.

9. The Massachusetts Arbitration Act requires that any action to vacate an arbitration award be filed within thirty (30) days of the award. M.G.L. c. 150 § 11.

10. Defendant failed to file an action to vacate the arbitration award within thirty (30) days of its receipt.

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendant:

a. Ordering defendant to pay the Joint Trade Board the amount of $244,000.00 with pre judgment interest from ten days after the receipt of the award as provided for in the collective bargaining agreement;

b. Ordering the defendant to pay plaintiff's costs and attorney's fees for bringing this action;

c. Awarding such other and further relief as may be just and proper; including, but not limited to, declaring that the defendant is time barred from asserting any affirmative defenses

because the statutory period of thirty (30) days has elapsed.

                                                    Plaintiff,
                                                    Painters and Allied Trades
                                                    District Council No. #35
                                                    By its attorney,

                                                    Michael A. Feinberg, BBO #161400
                                                    Feinberg, Campbell & Zack, P.C.
                                                    177 Milk Street
                                                    Boston, MA 02109
                                                    (617) 338-1976